J-S82012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NATHANIEL NEGRON | |
| Appellant | No. 11 MDA 2016 |

Appeal from the PCRA Order December 1, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001611-2001
CP-38-CR-0000329-2002

BEFORE:  OTT, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 13, 2017**

Nathaniel Negron appeals *pro se*[1] from the order entered December 1, 2015, in the Court of Common Pleas of Lebanon County, that dismissed, as untimely, his ostensibly third petition filed pursuant to the Pennsylvania Post Conviction Act (PCRA),[2] following an evidentiary hearing.[3] Negron seeks

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] On January 12, 2016, the PCRA court granted appointed counsel's motion for leave to withdraw from representation, following the filing of a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] 42 Pa.C.S. §§ 9541–9546.

[3] On November 13, 2014, Negron mailed a *pro se* document to the PCRA court, which the court treated as a PCRA petition. Appointed counsel filed an amended petition on March 31, 2015.  Negron has previously filed two
*(Footnote Continued Next Page)*

relief from the judgment of sentence of 40 to 100 years' imprisonment, imposed after he pleaded guilty to multiple felonies, including criminal homicide.[4] In this appeal, Negron contends the PCRA judge erred (1) in determining Negron failed to exercise due diligence, (2) in determining the witnesses at the PCRA hearing reaffirmed the truth of their statements they had provided to police, (3) by failing to act as a "Neutral Jurist"[5] in deciding the PCRA petition, (4) in failing to recuse himself from the 2015 PCRA hearing, (5) in preventing Negron from testifying, (6) by preventing and disallowing Negron to testify to the following at the PCRA hearing: (a) his guilty plea, (b) his confession to police, (c) William Diaz's previous testimony, (d) Sheena Nunez Garman's previous testimony, and (e) error of the 2008 PCRA hearing, and (7) in determining that testimony was peripheral to the case and would not have been a relevant factor that would

_(Footnote Continued)_ _____

unsuccessful PCRA petitions. **See Commonwealth v. Negron**, 888 A.2d 9 (Pa. Super. 2005) (unpublished memorandum) (affirming denial of first PCRA petition); **see also Commonwealth v. Negron**, 976 A.2d 1212 (Pa. Super. 2009) (unpublished memorandum) (affirming dismissal of second PCRA petition as untimely). In addition, Negron has filed two motions labelled as motions for writ of _habeas corpus_. **See Commonwealth v. Negron**, 34 A.3d 217 (Pa. Super. 2011) (affirming denial of motion for writ of _habeas corpus_); Trial Court Docket, 4/2/2013 (_pro se_ motion for writ of _habeas corpus_) and 4/12/2013 (order denying motion for writ of _habeas corpus_).

[4] On appeal, this Court affirmed the judgment of sentence. **Commonwealth v. Negron**, 844 A.2d 1286 (Pa. Super. 2003) (unpublished memorandum).

[5] Negron's Brief at 3 (unnumbered).

have caused a jury to feel differently about the case. Based upon the following, we affirm.

The PCRA court has aptly set out the facts and procedural history in its Pa.R.A.P. 1925(a) opinion. *See* PCRA Court Opinion, 1/28/2016, at 1–4. Therefore, we simply add discussion of the testimony presented at the PCRA hearing.

Relevant to this appeal, Negron presented the testimony of Kelly and Elroy Ortiz, wife and husband, who provided Negron with an affidavit in 2014 regarding statements they had given police in connection with Negron's case. *See* N.T., 12/1/2015, at 4. *See also* Negron's Amended PCRA Petition, 3/31/2015, Exhibit "B."[6]  Negron sought to prove after-discovered evidence that the Ortizes "felt pressured by the police to give a statement that was essentially pointing at [him]." N.T., 12/1/2015, at 4.

Kelly Ortiz testified that police came to speak with her about the incident "regarding Anthony Mingledough … being set on fire," *id.* at 8, and that she gave a statement to police. *See id.* at 8, 18. She testified she had known Negron "forever." *Id.* at 13. She also testified she saw Negron pour what she thought was beer into a bottle, explaining that "[w]e were drinking

---

[6] The Ortizes' affidavit was notarized on December 9, 2014. Counsel initially appointed by the PCRA court failed to file an amended petition on or before December 31, 2014, as ordered.  Subsequently, on February 27, 2015, new counsel was appointed and filed the amended petition that attached, *inter alia*, the Ortizes' affidavit.

some beer and that's what it looked like." *Id.* at 11. She gave a statement to police that she had seen Negron in the area on the night in question. *Id.* at 19 ("Well, we were sitting outside together. I did see him that night.").

Elroy Ortiz also gave a statement to police. *Id.* at 23. Elroy Ortiz explained he knew Negron from Negron's brother, Isaac. *Id.* at 27. Elroy Ortiz stated he saw "three people, Nate and some other guy, walk through an alleyway," and he saw "some lights flare up." *Id.* at 23. Kelly and Elroy Ortiz both testified that they had not lied to police and that their statements to police were accurate. *See id.* at 17, 19–20.

The Ortizes testified similarly that Negron's brother, Isaac, had dated Kelly Ortiz's sister for over 15 years, *id.* at 15, 28–29, and Isaac knew where the Ortizes lived and their phone number. *Id.* at 16, 29. The Ortizes saw Isaac "here and there" over the last 15 years. *Id.* at 15, 29. In 2014, Isaac approached the Ortizes regarding this case, *id.* at 16, 25, and they drafted and signed an affidavit that they had talked to police because accelerant was found in their trash cans. *Id.* at 16, 24.

Negron testified the first time he was aware that the Ortizes had testimony concerning his case was in 2014, and would not have known about their testimony before that time. *Id.* at 36. On cross-examination, he admitted his brother, Isaac, had dated Kelly Ortiz's sister. *Id.* at 38. He also admitted he and Isaac have known both Kelly and Elroy Ortiz for a long time, "at least 15 to 20 years," *id.* at 38, and that Isaac was still friendly with the Ortizes and knows where they live and how to get in touch with

them. *Id.* at 39. Negron testified he and Isaac still talk. *Id.* Negron admitted he had never asked Isaac to try to talk to the Ortizes about his case prior to 2014. *Id.* at 40. He also admitted "for at least part of the last 15 years [Isaac] was in a relationship with Kelly[ Ortiz's] sister. *Id.* at 40.

The PCRA court concluded, *inter alia*, that "[t]he PCRA petition was untimely because it was not pursued in a diligent fashion." *Id.* at 44. *See also* Order, 12/1/2015, ¶ 1. This appeal followed.[7]

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, *Edmiston v. Pennsylvania*, 134 S. Ct. 639 (2013). We will not entertain a second or subsequent request for PCRA relief unless the petitioner makes a strong *prima facie* showing that a miscarriage of justice may have occurred. *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1267 (Pa. 2008). Furthermore, "[t]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." *Id.* at 1267–1268.

_____

[7] Negron timely complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) statement.

Negron does not dispute that his present PCRA petition is facially untimely. However, Negron argues he pleaded and proved a statutory exception to the PCRA's time-bar. *See* 42 Pa.C.S. § 9454(b)(1)(i)-(iii). Specifically, Negron maintains he has satisfied the exception set forth at 42 Pa.C.S. § 9545(b)(1)(ii). This exception requires a petitioner to plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" *Id.* In addition, any petition invoking a PCRA exception must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

> When considering a claim seeking to invoke section 9545(b)(1)(ii), the petitioner must establish only that (1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence. *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264, 1270-72 (Pa. 2007). We have unequivocally explained that "the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim." *Commonwealth v. Abu-Jamal*, 596 Pa. 219, 941 A.2d 1263, 1268 (Pa. 2008). Rather, the exception only requires a petitioner to "prove that the facts were unknown to him and that he exercised due diligence in discovering those facts." *Bennett*, 930 A.2d at 1270; *see also Commonwealth v. Breakiron*, 566 Pa. 323, 781 A.2d 94, 98 (Pa. 2001) (rejecting attempt to invoke section 9545(b)(1)(ii) because appellant failed to offer any evidence that he exercised due diligence in obtaining facts upon which his claim was based).

*Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016).

Our review of the record confirms the PCRA court's determination that the testimony presented by Negron at the PCRA hearing fails to satisfy 42

Pa.C.S. § 9545(b)(1)(ii). We agree with the PCRA court "there is no reason [Negron] could not have presented the evidence years earlier." PCRA Court Opinion, 1/28/2016, at 5.

With regard to Section 9545(b)(1)(ii), "[d]ue diligence demands that the petitioner take reasonable steps to protect his own interests." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted), *appeal denied*, 125 A.3d 1197 (Pa. 2015). "A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence." **Id.** (citations omitted). "This rule is strictly enforced." **Id**. (citation omitted). Here, Negron offers no explanation as to what efforts he made, or why he did not ask his brother, Isaac, about the Ortizes before 2014. Accordingly, Negron failed to demonstrate due diligence and, therefore, failed to meet the exception set forth at Section 9545(b)(1)(ii). **Cf. Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007). Because Negron failed to satisfy any statutory exception to the PCRA timeliness requirement, the PCRA court correctly concluded the petition was untimely.[8]

_____

[8] Because Negron's PCRA petition was untimely, the PCRA court lacked jurisdiction to address the merits of Negron's substantive claim. **See Brown, supra**, 111 A.3d at 178 ("Absent proper jurisdiction, the PCRA court lacked authority to address the substantive merits of Appellant's after-discovered-evidence claim."). Therefore, we do not address Negron's second issue raised in this appeal, namely, that the PCRA court erred "in determining the witnesses at the PCRA hearing reaffirmed the veracity/truthfulness of the information they had provided to police." *(Footnote Continued Next Page)*

In the third issue raised in this appeal, Negron claims the PCRA court failed to act as a "Neutral Jurist." Negron's Brief at 3 (unnumbered). However, this assertion has no support in the record, and no further discussion is warranted on this issue. Further, with regard to the fourth issue, whether Judge Charles erred in failing to recuse himself, "[i]t is well-settled that a party seeking recusal or disqualification must raise the objection at the earliest possible moment or that party will suffer the consequence of being time barred." *Commonwealth v. Pappas*, 845 A.2d 829, 846 (Pa. Super. 2004) (citations omitted). There is no indication in the record that Negron sought recusal before the PCRA court at any point and, thus, this issue is waived. *Id.*

Accordingly, we affirm the PCRA court's order of dismissal.

Order affirmed.


Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/13/2017

*(Footnote Continued)* ─────────────

Negron's Brief, at 2 (unnumbered). For the same reason, we will not address the last three issues raised by Negron as those issues also relate to the substantive merits of his claim.